UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BOBOKHODZHAEV et al.,

                                                  Plaintiffs,

                  -against-

ELITE LOGISTICS OF NY INC. et al.,

                                                  Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
25-cv-1463 (JMA) (JMW)

**FILED
CLERK**

6/30/2025 1:48 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

On March 25, 2025, Plaintiff filed a motion to remand this action to state court for lack of subject matter jurisdiction. (ECF No. 9.) Defendants did not oppose this motion, as they concede in a recent status report filed with the Court. (ECF No. 15.) For the following reasons, Plaintiffs' motion to remand is GRANTED.

This matter arises from a motor vehicle collision which occurred on November 25, 2024 on Interstate 278 near 44th Street in Kings County, New York. (ECF No. 9-1 at 1.) According to Plaintiffs, a vehicle operated by Defendants came into contact with the rear end of Plaintiffs' vehicle, and each of the Plaintiffs sustained serious physical injury in this collision. (Compl. at 24-27, 40.) The action was commenced by the filing of a Summons and Verified Complaint in the Supreme Court of the State of New York, Nassau County on January 16, 2025. Defendants filed a notice of removal on March 14, 2025, asserting subject matter jurisdiction based on diversity of citizenship. Plaintiffs argue that Defendants have insufficiently alleged that the amount in controversy exceeds the jurisdictional minimum of $75,000, and the Court agrees. Furthermore, the forum defendant rule precludes removal of this case to federal court based on diversity of citizenship jurisdiction. See 28 U.S.C. §1441(b)(2).

If a defendant removes a case from state court to federal court on the basis of diversity jurisdiction, then the defendant bears the burden to show that all the requisites for federal jurisdiction are met, including that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a); Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000). This jurisdictional threshold amount is ordinarily established by the face of the complaint and the dollar-amount actually claimed. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961); Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003). If, however, a complaint does not state the requisite amount and if the amount is subject to dispute, then a court must determine by a preponderance of the evidence whether the amount in controversy exceeds the jurisdictional threshold. See 28 U.S.C. § 1446(c)(2)(B); see also Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014). A court may consider "the nature of the claims, factual allegations within the pleadings, and the record outside the pleadings to determine the amount in controversy." Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F.Supp.2d 432, 438 (S.D.N.Y. 2006).

Here, I conclude that defendants have not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiffs allege solely that they suffered serious injury as a result of the automobile accident, and the pleadings are silent as to the amount of damages sought. While Plaintiffs allege that they suffered serious injury as defined by Section 5102 of the Insurance Law of the State of New York and economic loss greater than basic economic loss as defined by this statute, this does not establish the amount in controversy exceeds the sum of $75,000.

Furthermore, 28 U.S.C. §1441(b)(2) states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such

action is brought." In the instant matter, the Defendants are citizens of the State of New York. Defendants were sued in the Supreme Court of the State of New York, County of Nassau. Both Defendants were properly served as per the laws of the State of New York prior to the petition for removal as evidenced by the affidavits of service annexed in Exhibit "A" of Plaintiffs' remand motion. (ECF No. 9-2.) Therefore, pursuant to 28 U.S.C. §1441(b)(2) the matter was improperly removed from the state court forum and remand is appropriate. See <u>Gibbons v. Bristol-Myers Squibb Company</u>, 919 F.3d 699, 705 (2d. Cir. 2019) ("Application of the forum defendant rule is straightforward: a defendant is sued in a diversity action in the state courts of its home state, is served in accordance with state law, attempts to remove the case, and is rebuffed by a district court applying Section 1441(b)(2).")

    For the above reasons, Plaintiff's Motion to Remand is GRANTED. Accordingly, the Court remands this action back to the Supreme Court of the State of New York, Nassau County. The Clerk of the Court is directed to: (1) mail a certified copy of this order to the clerk of the Supreme Court of the State of New York, Nassau County, pursuant to 42 U.S.C. § 1447(c); and (2) close this case.

**SO ORDERED.**

Dated:   June 30, 2025
           Central Islip, New York

                                                      /s/ (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE